**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LEONARD OLIVER** | **CIVIL ACTION** |
| **versus** | **NO. 11-0496** |
| **TERRY TERRELL, WARDEN** | **SECTION: "I" (1)** |

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Leonard Oliver, is a state prisoner incarcerated at the Allen Correctional Center, Kinder, Louisiana. On July 14, 2004, he was convicted under Louisiana law of attempted second-degree murder.[1] On November 12, 2004, he was sentenced to a term of thirty years imprisonment.[2] On June 7, 2006, the Louisiana Fourth Circuit Court of Appeal affirmed his

---

[1] State Rec., Vol. V of VIII, trial transcript, p. 179; State Rec., Vol. II of VIII, minute entry dated July 14, 2004.

[2] State Rec., Vol. V of VIII, transcript of November 12, 2004, p. 8; State Rec., Vol. II of VIII, minute entry dated November 12, 2004.

conviction and sentence.[3] The Louisiana Supreme Court then denied his related writ application on March 9, 2007.[4]

On August 7, 2007, petitioner filed with the state district court an application for post-conviction relief. When the court failed to rule on that application, he filed an application for a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal. The Court of Appeal denied that application, holding: "This court has reviewed the claims Relator raises in his application for post-conviction relief and finds that he is not entitled to relief."[5] The Louisiana Supreme Court then denied his related writ application on August 18, 2010.[6]

On or about October 18, 2010, petitioner filed the instant federal application for *habeas corpus* relief.[7] The state has opposed the application, arguing both that it is untimely and that petitioner has failed to meet his burden of proof with respect to his underlying claims.[8]

Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[3] State v. Fruga, No. 2005-KA-0358 (La. App. 4th Cir. June 7, 2006) (unpublished); State Rec., Vol. II of VIII.

[4] State v. Fruga, 949 So.2d 438 (La. 2007) (No. 2006-KO-1833); State Rec., Vol. VII of VIII.

[5] State v. Oliver, No. 2009-K-1124 (La. App. 4th Cir. Sept 8, 2009) (unpublished); State Rec., Vol. VIII of VIII.

[6] State *ex rel.* Oliver v. State, 42 So.3d 403 (La. 2010) (No. 2009-KH-2143); State Rec., Vol. VIII of VIII.

[7] Rec. Doc. 1.

[8] Rec. Doc. 7.

underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[9]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on March 9, 2007. Therefore, under § 2244(d)(1)(A), his criminal judgment became "final" no later than June 7, 2007, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, his period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). Petitioner alleges that he filed such an application on August 7, 2007.[10] Because petitioner is not entitled to relief in any event, the Court will simply assume that allegation is true for the purposes of this

---

[9] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[10] See Rec. Doc. 1, p. 25. In its response in this proceeding, the state argues that petitioner is not entitled to any tolling for that filing because there is no evidence that it was ever received by the state court. However, the United States Fifth Circuit Court of Appeals has held that, "in Louisiana courts, a *pro se* prisoner's pleading is deemed filed on the date that the prisoner submits the pleading to prison authorities to be mailed, *regardless of whether the pleading actually reaches the court*." Stoot v. Cain, 570 F.3d 669, 672 (5th Cir. 2009) (emphasis added). Therefore, the fact that there is no proof of receipt is immaterial.

proceeding and that the federal limitations period was therefore tolled from August 7, 2007, until August 18, 2010, when the Louisiana Supreme Court denied the related writ application. See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004) (tolling continues uninterrupted for the duration of the post-conviction proceedings, so long as continued review was sought in a timely manner).[11]

Upon the Louisiana Supreme Court's denial of relief, petitioner had three hundred five (305) days of the federal limitations period remaining. Because he filed his federal application approximately sixty-one (61) days later, on or about October 18, 2010,[12] the application is timely. The Court will therefore review petitioner's claims.

Standards of Review

The AEDPA comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both. The

[11] As noted, when petitioner did not receive a ruling on his post-conviction application, he sought relief from the Louisiana Fourth Circuit Court of Appeal by filing an application for a writ of mandamus. In response to that petition, the Court of Appeal considered and rejected petitioner's post-conviction claims on the merits. He then timely sought review of that decision by the Louisiana Supreme Court.

[12] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). That precise date cannot be determined from the record before this Court. However, the application was accompanied by a cover letter dated October 18, 2010, and so it was delivered to prison authorities on or after that date. In any event, even if the Court were unpersuaded by the date on the cover letter, the application was mailed in an envelope metered on February 2, 2011, and was actually received by this Court on February 4, 2011. Even those later dates fell well before the expiration of his filing deadline.

amendments "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to pure questions of law or mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." Bell, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the

> state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir.) (internal quotation marks, ellipses, brackets, and footnotes omitted), cert. denied, 131 S.Ct. 294 (2010).

Regarding the "unreasonable application" clause, the United States Supreme Court has explained:

> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Williams v. Taylor, 529 U.S. 362, 407 (2000). The Supreme Court has noted that the focus of this inquiry "is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams that an unreasonable application is different from an incorrect one." Bell, 535 U.S. at 694; see also Puckett v. Epps, No. 09-70032, 2011 WL 1891207, at *5 (5th Cir. May 19, 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").

While the AEDPA standards of review are strict and narrow, they are purposely so. As the United States Supreme Court recently held:

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable.
>
> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011) (citations omitted; emphasis added).

## Facts

The facts of the underlying crime are not relevant to petitioner's claims and, therefore, need not be recounted herein. The Court notes, however, that the facts were summarized in the Louisiana Fourth Circuit Court of Appeal's opinion on direct review.[13]

## Petitioner's Claims

In his federal application, petitioner alleges that (1) the trial court gave an erroneous jury instruction and (2) his counsel was ineffective for failing to lodge an objection to that instruction. As noted, the Louisiana Fourth Circuit Court of Appeal reviewed those claims and

---

[13] State v. Fruga, No. 2005-KA-0358, at pp. 1-4 (La. App. 4th Cir. June 7, 2006) (unpublished); State Rec., Vol. II of VIII.

found that petitioner was not entitled to relief.[14] The Louisiana Supreme Court then rejected his related writ application without assigning written reasons.[15] Therefore, in order to be granted federal *habeas corpus* relief, petitioner, who carries the burden of proof in this proceeding, must establish that the state court decision rejecting his claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). For the following reasons, it is evident that he has made no such showing in this case.

Because both of petitioner's claims are premised on his allegation that the jury instructions were erroneous, he must prove the accuracy of that underlying premise in order to prevail. However, the instructions do not appear in the state court record,[16] and petitioner failed to obtain a copy of the instructions for submission with his state post-conviction application. Accordingly, because he failed to provide the supporting evidence necessary to establish the validity of his claims, he clearly did not meet his burden of proof in state court.[17]

---

[14] State v. Oliver, No. 2009-K-1124 (La. App. 4th Cir. Sept 8, 2009) (unpublished); State Rec., Vol. VIII of VIII.

[15] State *ex rel.* Oliver v. State, 42 So.3d 403 (La. 2010) (No. 2009-KH-2143); State Rec., Vol. VIII of VIII.

[16] No copy of the jury instructions was filed into the state court record, and the instructions were not included in the trial transcript. See State Rec., Vol. V of VIII, trial transcript, p. 178.

[17] Under Louisiana law, "[t]he petitioner in an application for post conviction relief shall have the burden of proving that relief should be granted." La. Code Crim. P. art. 930.2; see also State v. Berry, 430 So.2d 1005, 1013 (La. 1983).

That failure likewise precludes relief in this Court. Even *if* petitioner were now to obtain a copy of the instructions, *which he still has not done*, this Court would not be allowed to consider them because they were not provided to the state courts during the state post-conviction proceedings. The United States Supreme Court recently explained:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.
>
> This understanding of the text is compelled by the broader context of the statute as a whole, which demonstrates Congress' intent to channel prisoners' claims first to the state courts. The federal habeas scheme leaves primary responsibility with the state courts. Section 2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas relief. It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*.

Cullen v. Pinholster, 131 S.Ct. 1388, 1398-99 (2011) (citations, quotation marks, and ellipsis omitted). Simply put, where, as here, a claim was adjudicated on the merits by a state court, a federal *habeas* petitioner must overcome the limitation of § 2254(d)(1) based on *nothing more than the record that was before that state court.*

In summary, the record before the state court was clearly insufficient to warrant relief due to petitioner's failure to meet his burden of proof by providing that court with a copy of the challenged jury instructions. Because it is limited to reviewing that same deficient record, this Court

has no basis for finding that the state court decision rejecting petitioner's claims was contrary to, or involved an unreasonable application of, clearly established federal law. Therefore, this Court must likewise deny relief.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Leonard Oliver be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this twenty-seventh day of June, 2011.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

[18] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.